IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIM W. MCCOLLUM                                                                                           PLAINTIFF

v.                                      Case No. 2:12-CV-02034

SHELTER MUTUAL INSURANCE COMPANY                                           DEFENDANT

## ORDER

On February 11, 2013, this matter came on for trial to a duly selected jury consisting of eight members, the undersigned presiding. At the completion of the two-day trial, the case was submitted to the jury and a unanimous verdict was reached as follows:

We, the jury, find for the Plaintiff, Jim W. McCollum.

The verdict form was signed and dated by the jury foreperson.

By agreement of the parties, the jury did not consider what damages were to be awarded to Plaintiff, Mr. McCollum.  Rather, the parties agreed that the Court would determine the amount of any damages to be awarded.  It is the understanding of the Court that Defendant, Shelter Mutual Insurance Company ("Shelter"), has agreed that Mr. McCollum's residence was a total loss, and that policy limits should be awarded to Mr. McCollum for loss of his residence, with credit for a payment already made by Shelter to the mortgagee of Mr. McCollum's property.  It is also the understanding of the Court that Shelter has agreed that, if the jury found in favor of Mr. McCollum, that Mr. McCollum would be entitled to receive policy limits as to his personal property destroyed in the fire.

Although the Court does not believe there are any factual disputes between the parties as to the damages to be awarded in this case, the Court does not have a stipulation from the parties concerning total damages nor a clear idea of what amount the parties have agreed should be awarded.

The Court also needs to know, definitively, how much the judgment is to be offset by any payment made to the mortgagee.

Based on the total amount of damages that the Court finds should be awarded to Mr. McCollum, the Court must then also calculate damages for prejudgment interest and the 12% statutory penalty pursuant to Ark. Code Ann. § 23-79-208.[1]  The Court must also determine the amount of any attorneys' fees and costs to be assessed.

The parties are strongly encouraged to confer with each other in an attempt to mutually resolve the issues of damages, costs, fees, prejudgment interest, and/or penalty to be awarded, and may file a stipulation as to any agreement reached.  However, in the event no agreement can be reached on some or all elements, Mr. McCollum is directed to file a motion for attorneys' fees by February 25, 2013, and Shelter will have until March 4, 2013 to file any response.  Any such filings should also brief any damages, costs, prejudgment interest, or penalty that remain in dispute. Upon resolution of these issues, a final judgment will be promptly entered in this case.

IT IS SO ORDERED this 13th day of February, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] The Court notes that the 12% penalty is to be assessed "upon the amount of the loss."  Ark. Code Ann. § 23-79-208.  The amount of the penalty, therefore, should be determined based on the total amount of Mr. McCollum's loss, without offsetting for payment to the mortgagee.  However, the Court does not know when the payment was made to the mortgagee and, specifically, whether or not the payment was made within the time specified in the policy after demand was made.  If payment to the mortgagee was timely made under Mr. McCollum's insurance policy, that amount may be excluded from assessment of a penalty.  The Court needs clarification on this issue in order to determine the amount of the penalty to be assessed in this case.