IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIM W. MCCOLLUM                                                                                          PLAINTIFF

v.                                          Case No. 2:12-CV-02034

SHELTER MUTUAL INSURANCE COMPANY                                                  DEFENDANT

**<u>ORDER</u>**

Currently pending before the Court is Plaintiff's Motion for Attorney Fees (Doc. 28).

Plaintiff has requested a hearing on the Motion and, as it appears that various issues regarding fees, the statutory penalty, and interest remain unresolved, the Court finds that a hearing on the Motion would be beneficial.  A date and time for the hearing will be set by separate order.

In order to expedite the resolution of the issues remaining in this case, the Court finds it necessary to direct the parties to supplement their briefs.  Plaintiff requests that his attorneys' fee award be based on a contingency fee arrangement with Plaintiff's counsel.  Defendant does not appear to object to this method of calculation, requesting only that "Plaintiff's attorneys' fees be determined on the amount counsel actually collected for the client."  (Doc. 30, p. 5).

The Arkansas Supreme Court, however, has expressly rejected Plaintiff's proposed method of calculation.  *Southall v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335 (1984) (requiring evaluation of traditional factors where recovery of attorneys' fees against an insurance company was provided for by statute).  The *Southall* Court stated:

> We do not read our cases to require us to compute fees mechanically and without question on the basis of a fee contract between the parties.  It remains our duty to fix a fee that is reasonable.  Automatic acceptance of a lawyer's contract with a client would be an abdication of our duty to supervise the conduct of the bar and do justice to the losing as well as the winning side.

*Id.* at 337.  Rather, this Court should instead consider the traditional factors involved in calculating a fee award as set forth in *Chrisco v. Sun Indus., Inc.*, including: (1) the experience and ability of the attorney, (2) the time and labor required to perform the legal service properly, (3) the amount involved in the case and the results obtained, (4) the novelty and difficulty of the issues involved, (5) the fee customarily charged in the locality for similar services, (5) whether the fee is fixed or contingent, (6) the time limitations imposed upon the client or by the circumstances, and (6) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.  304 Ark. 227, 229-30 (1990) (citing *Southall*, 283 Ark. 335).  Therefore, although the fact that the fee in this case was contingent is certainly a relevant factor in the Court's ultimate determination, Plaintiff's contingency fee arrangement with his attorney or attorneys cannot be the Court's sole basis for a fee award.

Plaintiff is therefore directed to supplement his Motion for Attorney Fees by March 27, 2013 to address what fees he believes are appropriate in this case based on an analysis of the *Chrisco* factors.  Defendant will have until April 1, 2013 to file any response.  The Court will take up all remaining issues at the hearing to be set by separate order.

IT IS SO ORDERED this 20th day of March, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE